Kenneth GIVENS, et al.

v.

John R. BLOCK, Secretary of Agriculture, et al.

Civ. No. 3–82–663.

United States District Court, E.D. Tennessee, N.D.

Nov. 30, 1982.

Creed A. Daniel, Rutledge, Tenn., George D. Webster, Gerard P. Panaro, Washington, D.C., for plaintiffs.

W. Thomas Dillard, U.S. Atty., Dept. of Justice, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

The plaintiffs, growers of burley tobacco, seek an injunction under Rule 65 of the

Federal Rules of Civil Procedure. Defendants, government officials responsible for supervising tobacco price supports, have refused to provide price supports for tobacco marketed in sheets. The Court has heard evidence from two witnesses, one of whom is a banker and farmer in Hawkins County and the other an operator of some ten or twelve tobacco warehouses in east Tennessee.

 The Court adopts and finds as follows: The farmers in east Tennessee believed that they could prepare their tobacco in sheets and market it in sheets and that government price supports would be available for tobacco prepared in sheets. They did not get notice that government price supports would not be available for such tobacco until around November 15, 1982. The tobacco warehouses opened on November 17, 1982. The Court agrees with plaintiffs' contention that this constituted an unreasonable delay upon the part of the Government. This delay prejudices and harms those who had prepared their tobacco for sale in sheets. As a result of defendant's refusal to officially grade plaintiffs' burley tobacco marketed on burlap sheets, plaintiffs' tobacco is not price supported. Without price supports plaintiffs may receive less money for their crops than they otherwise might have received, and such losses are not precisely calculable.

Defendants' refusal to officially grade plaintiffs' tobacco so that such tobacco is ineligible for price supports, while so grading the tobacco of similar situated growers in markets located in the western part of Virginia, constitutes unjust discrimination and prejudice to plaintiffs. If plaintiffs are required to sell their tobacco without price supports, according to the evidence, they may suffer such a substantial monetary loss that landlords and tenants who are recipients of the proceeds of the crop may be unable to pay their debts resulting in serious financial harm or bankruptcy.

The Court finds and orders that plaintiffs are entitled to an injunction un-

der the rules set forth in *Mason County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir.1977).

It is, therefore, ORDERED that defendants be, and the same hereby are, restrained from failing and refusing to provide grading and price support services for burley tobacco marketed by farmers who have prepared their tobacco in sheets or who have prepared their tobacco in sheets and have it on the warehouse floors for sale. This injunction shall remain in effect until the 26th day of December 1982.

Order Accordingly.